108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lin T. KALINAUSKAS, Plaintiff-Appellant,
v.
Nelson Yin WONG; Kenneth Mark Ng Houng; Caesars World
Marketing Corporation; Robert Val Moon; Desert
Palace, Incorporated, d/b/a Caesars
Palace Hotel and Casino,
Defendants-Appellees.
 No. 95-16645.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1997.*
Decided Feb. 14, 1997.
 
 Before: LAY,** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Lin T. Kalinauskas was employed as a card dealer at Caesars Palace in Las Vegas, Nevada. In 1992 she filed suit against Caesars Palace under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and various state tort laws for gender discrimination arising from a hostile work environment. She charged other defendants with, inter alia, slander related to her employment and interfering with her business relationship with Caesars Palace. The complaint set out five causes of action and was thirty-one pages in length.
 
 
 3
 This matter comes before us on appeal of the district court's dismissal of the plaintiff's complaint, based upon the magistrate judge's recommendation to dismiss. The dismissal was based on the plaintiff's repeated refusal to comply with the magistrate judge's discovery orders. We need not recite the details of the discovery orders and the plaintiff's contemptuous refusals to comply. Suffice it to say, the magistrate judge found the plaintiff repeatedly refused to provide specific answers to interrogatories as ordered but filed instead general, unmarked references to over 3,000 pages of documents and a list of over fifty-two potential witnesses. The court found that the plaintiff had abused Rules 33 and 34 of the Federal Rules of Civil Procedure and granted the defendant's motion to compel in September 1993. On September 1, 1994, the magistrate judge granted a motion for sanctions pursuant to Rule 37 for the plaintiff's failure to comply with the 1993 order. Rather than dismiss the complaint, the court granted monetary sanctions against the plaintiff's counsel and extended the deadline for further compliance. Subsequently, the plaintiff twice submitted supplementary answers, both times after the court's express deadlines. These answers were essentially mere resubmissions of her prior inadequate answers. The magistrate judge held a hearing on the defendant's third motion for sanctions on April 5, 1995. On April 10, 1995, the plaintiff offered her final supplementary answers, which the magistrate judge found did not cure the previous defective responses. The magistrate judge recommended further sanctions, including dismissal.
 
 
 4
 The district court in a detailed order rejected all of the plaintiff's objections. The court observed:
 
 
 5
 The Court agrees with the Magistrate Judge's evaluation of the first, second and fourth dismissal factors. "Although public policy favors the disposition of cases on their merits, the court cannot ignore the concomitant interest in the expeditious resolution of litigation coupled with the court's need to manage its docket in order to secure the just speedy and inexpensive determination every action." Report and Recommendation of United States Magistrate Judge (# 291), at 14. Plaintiff has been subject to four discovery orders over the course of eighteen months. The Magistrate Judge made several attempts to induce Plaintiff's cooperation during this period. This Court finds that any additional time or effort expended by this Court would be unwarranted and futile.
 
 
 6
 Kalinauskas v. Wong, No. CV-S-92-689 PMP (RJJ) (D.Nev. July 3, 1995) (order dismissing the action) at 14-15. After reviewing the case law, the district court ordered dismissal of the complaint and awarded $4,795.10 for expenses and costs against the plaintiff and her counsel.
 
 
 7
 The plaintiff has appealed. This court has observed in similar cases that district judges are "best equipped to assess the circumstances of the non-compliance." See Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988). A district court may impose a variety of sanctions, including dismissing the action, for failure to comply with a discovery order. Fed.R.Civ.P. 37(b)(2). We review the dismissal only for abuse of discretion. Halaco Eng'g Co., 843 F.2d at 379. We have carefully considered each of the plaintiff's arguments. As our case law demands, we weigh carefully, as did the district court, the factors underlying the sanction of outright dismissal for non-compliance with discovery orders. However, where the violations are as egregious and abusive as in the present case, we find the district court in the interest of justice had no alternative but to dismiss the complaint. There is evidence in the record that Kalinauskas participated along with her attorney in knowingly evading the discovery orders.
 
 
 8
 We find no abuse of discretion and affirm the district court's order of dismissal.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plaintiff has also appealed the district court's sanction of her attorney under Rule 11 of the Federal Rules of Civil Procedure for his earlier motion to disqualify defense counsel. We find no error in the sanction
 Kalinauskas, through her attorney, Ian Christopherson, moved the court to disqualify various defense counsel on the basis that Caesars Palace improperly attempted to dissuade a plaintiff in an unrelated case against Caesars from testifying in this case. In August 1994, the magistrate judge denied the motion, deeming it baseless and a mere attempt to vex the defendants or to gain a tactical advantage. Kalinauskas v. Wong, No. CV-S-92-689-PMP-(RJJ) (D.Nev. Aug. 31, 1994) (magistrate judge's order on Motion to Disqualify Counsel). The magistrate judge sanctioned Christopherson personally, ordering him to pay the defendants' firms a total of $4,750 and to attend four hours of ethics education.
 In her Reply Brief, Kalinauskas does not dispute that she presented no evidence to support her motion at the time of the hearing. Nor does she contend that she renewed her motion or asked the district court to reconsider sanctions after a witness had written the June 9, 1995 letter to the court discussing her confidentiality agreement with Caesars Palace. Based on the lack of evidence before the magistrate judge and district court at the time of the motion to disqualify, the court did not clearly err by determining there was no factual basis for the motion. Thus, the court did not abuse its discretion by sanctioning Kalinauskas' attorney for bringing a baseless, tactically motivated motion to disqualify defense counsel.